**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

MARSHALL DEWAYNE WILLIAMS,
REG. #14130-077                                                                               PLAINTIFF

v.                                      4:15CV00560-BSM-JTK

DOES, et al.                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the that file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing

in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Williams, a federal inmate confined at the United States Penitentiary in Beaumont, Texas, originally filed this pro se federal civil rights action in the United States District Court, Eastern District of Texas (Doc. No. 2).  In his Complaint, Plaintiff alleges constitutional violations committed by unknown federal agents and the United States of America, at various federal penal facilities located in Memphis, Tennessee, Forrest City, Arkansas, Lexington, Kentucky, Inez, Kentucky, Oklahoma City, Oklahoma, and Lewisburg, Pennsylvania. (Id.) By Order dated April 17, 2015, the Texas court severed the claims which occurred in Forrest City, Lexington, Inez, Oklahoma City, and Lewisburg, and directed that

each proceed as a separate civil action. (Doc. No. 1) The claims pertaining to Forrest City were transferred to this Court on September 9, 2015 (Doc. No. 5).

This Court then directed Plaintiff, by Order dated September 28, 2015, to submit the $400 filing fee for this action or file a Motion to Proceed in forma pauperis (IFP), together with an Amended Complaint, within thirty days of the Order (Doc. No. 8). Plaintiff submitted an IFP Motion which this Court granted, on October 29, 2015 (Doc. No. 12). However, as of this date, Plaintiff has not submitted an Amended Complaint.

**I.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the

benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**II.   Facts and Analysis**

Plaintiff alleges that in February, 2009, through April, 2009, federal agents at the Federal Correction Institution (FCI) Forrest City, subjected him to "torture, including hypothermia, chemical agents, assault and battery, psychological indoctrination and manipulation, and subjecting plaintiff to ambulatory four-point restraints for 20-days straight." (Doc. No. 2, p. 6)  He does not specifically identify the federal agents by name or by their job responsibilities.

Initially, the Court notes that federal civil rights actions (also known as Bivens

4

actions)[1] are limited to lawsuits filed against a federal agent for a deprivation of a constitutional right, and sovereign immunity bars these actions against the United States or its agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 485-6 (1994). Therefore, Defendant United States of America should be dismissed from Plaintiff's Complaint.

In addition, the Court finds that Plaintiff's allegations against the unknown federal agents should be dismissed, as barred by the statute of limitations. The applicable statute of limitations period in a Bivens action is the same as that applied to civil rights actions filed pursuant to 42 U.S.C. § 1983. Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The limitations period for a § 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). In this particular case, plaintiff alleges that the incidents occurred while he was incarcerated at the FCI, Forrest City, Arkansas, and the statute of limitations for personal injury actions in Arkansas is three years. ARK. CODE ANN. 16-56-105(3). Plaintiff claims the Forrest City incidents occurred in February, 2009, through April, 2009, but he did not initially file his action until April 17, 2015, more than three years after the occurrences. Therefore, Plaintiff's allegations against the unknown federal agents should be dismissed as time-barred.

---

[1]Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants be DISMISSED with prejudice, as barred by the statute of limitations.

IT IS SO RECOMMENDED this 16th day of November, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE